UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

IZAR CAPITAL GROUP, LLC
816 Connecticut Ave, NW 10th Fl
Washington, DC 20006
   *Plaintiff*,
vs.

AORA SOLAR NA LLC
2711 Centerville Rd. Ste 400
City of Wilmington, DE 19808

And

AORA SOLAR LIMITED
26, Ghar id-Dud Street, Silema SLM 1573,
Malta

And

AORA ITALIA S.R.L.
Via degli Usignoli, N.1,
Cagliari, Italia
09121-09134

and

AORA SOLAR MEXICO
S.A. de C.V.
Clave Unica
De A20113012908135600042
Culican Rosales, Sinola
Mexico

And

AORA SOLAR S.L.
Lugar Central
Comercial Sotomarket
Oficina 8
Urbanizacion Sotogrande
San Roque, Cadiz
Spain

And

Civil Action No.

Jury Trial Demanded

AORA SOLAR LIMITED )
12A Hamada Street, Robin Park )
Rehovot 76703 )
Israel )
)
and )
)
ZEV ROSENZWEIG )
AORA SOLAR NA LLC )
CEO )
12A Hamada Street, Robin Park )
Rehovot 76703 )
Israel )
)
And )
)
Mahir Reiss )
Principal Investor and Owner )
Representative )
AORA SOLAR NA, LLC )
3543 Bedford Ave )
Brooklyn NY 11210 )

*Defendants.*

---

## VERIFIED COMPLAINT FOR DAMAGES

Plaintiff, Izar Capital Group, LLC ("IZAR CAPITAL" or "Plaintiff"), a Virginia corporation doing business in Washington, DC, complaining of the Defendants herein, by and through their attorneys, Zampogna, P.C., respectfully set forth and allege as follows:

## JURISDICTION AND VENUE

1. That this is a civil action seeking monetary relief against the Defendants for breach of contract, fraudulent inducement and consequential damages.

2. That the basis for jurisdiction and venue is diversity of citizenship between the Plaintiff and the Defendants herein and consent by an agreement between the parties to jurisdiction.

Plaintiff operates their business at 816 Connecticut Ave, NW 10th Fl, Washington, DC 20006.

Defendant AORA SOLAR NA LLC is a Delaware limited liability company, having its last known registered address as 2711 Centerville Rd. Ste 400, City of Wilmington, DE 19808, being the contracting counterparty with IZAR CAPITAL, and having its last known sole member and owner as AORA SOLAR LIMITED, a Maltese entity.

The Personal Defendants own, operate and manage various of the Corporate Defendants. The Corporate Defendants have in the past, or are presently developing, operating and managing projects and business within the United States, Malta, Israel, Spain, Italy, Mexico, Ethiopia and various other locations within Africa.

Personal Defendant Rosenzweig is a resident of Israel and Canada, and Personal Defendant Reiss is a resident of the State of New York, USA.

Therefore, the court has jurisdiction of this action under 28 U.S.C. Section 1332. Further, the contract venues the claim in the United States and waives a jury trial.

## PARTIES

3. That here and all times hereinafter mentioned, Plaintiff, IZAR CAPITAL, was and still is a Virginia limited liability company doing business in the District of Columbia at their principal place of business address located at 816 Connecticut Ave, NW, 10th floor, Washington, DC 20006.

4. Defendants are hereby noted and defined as follows, with each being a "Defendant", collectively being "Defendants", with each Defendant entity which is a business entity being a "Corporate Defendant" and with each Defendant entity which is a personal entity being a "Personal Defendant".

5. AORA SOLAR NA LLC, a Delaware limited liability company, "AORA SOLAR NA LLC", having its last known registered place of business as 2711 Centerville Rd. Ste 400, City of Wilmington, DE 19808 and having its last known sole member and owner as AORA SOLAR LIMITED, a Maltese entity, and that all times AORA SOLAR NA LLC was and still is a Delaware Corporation duly organized and existing under and by the laws of the State of Delaware, USA.

6. AORA SOLAR N.A., CORPORATION, an Arizona corporation, "AORA SOLAR N.A., CORPORATION", having its last known registered place of business as 610 E. Bell Road, #215, Phoenix, Arizona 85012 as agent, defined by the law as a person who acts on behalf of the corporation, and their address may be used as part of the corporation, and 5134 N. Central #203, Phoenix, Arizona, 85012 and that AORA SOLAR N.A., CORPORATION was and still is an Arizona Corporation duly organized and existing under and by virtue of the laws of the State of Arizona, USA.

7. AORA SOLAR LIMITED, a Maltese limited liability company," AORA SOLAR LIMITED", having its last known registered place of business as 26, Ghar id-Dud Street, Silema SLM 1573, Malta and was and still is a Maltese entity duly organized and existing under and by the laws of the Republic of Malta.

8. AORA ITALIA S.R.L., an Italian Società a Responsabilità Limitata "AORA ITALIA S.R.L.", having its last known registered place of business as Via degli Usignoli, N.1, Cagliari, Italia 09121-09134 and was and still is an Italian entity duly organized and existing under and by the laws of the country of Italy.

9. AORA SOLAR MEXICO, S.A. de C.V., a Mexican Sociedad Anonima De Capital Variable, "AORA SOLAR MEXICO, S.A. de C.V.", having its last known registered place of business as Culican Rosales, Sinola, Mexico and was and still is a Mexican entity duly organized and existing under and by the laws of the country of Mexico.

10. AORA SOLAR S.L., a Spanish Sociedad Limitada, ("AORA SOLAR S.L.") having its last known registered place of business as Comercial Sotomarket, Oficina 8, Urbanizacion Sotogrande, San Roque, Cadiz and was and still is a Spanish entity duly organized and existing under and by the laws of the country of Spain.

11. AORA Solar Ltd., an Israeli limited company, ("AORA Solar Ltd."), having its last known registered place of business as 12A Hamada Street, Robin Park, Rehovot 76703, Israel and was and still is an Israeli entity duly organized and existing under and by the laws of the country of Israel.

12. Zev Rosenzweig, personally ("Rosenzweig"), formerly or presently CEO of Aora Solar NA, LLC, and holding various other management or board of director positions within one or more of the Corporate Defendants, and holding a residence in Canada and Israel.

13. Mahir Reiss, personally ("Reiss"), formerly or presently holding various ownership positions and board of director positions within one or more of the Corporate Defendants, and formerly or presently residing at 3543 Bedford Ave, Brooklyn NY 11210.

14. All the following entities and individuals: AORA SOLAR NA LLC; AORA SOLAR N.A., CORPORATION; AORA SOLAR LIMITED; AORA ITALIA S.R.L.; AORA SOLAR MEXICO, S.A. de C.V.; AORA SOLAR S.L.; AORA Solar Ltd.; Rosenzweig and Mahir will be addressed as "AORA" hereinafter.

## FACTUAL ALLEGATIONS

15. That on or around February 2014, Plaintiff, IZAR CAPITAL, through its principals, Paul Hammer and JF Scarborough III, were contracted by the principals of AORA SOLAR, Zev Rosenzweig, Chief Officer and Mahir Reiss, principal investor and owner representative, to develop and provide strategic financial advisory services, including internal financial organization, deal negotiation, contract structuring, partnership formation, structuring and negotiation, and mergers and acquisitions for the Defendants business (the "Services") in exchange for monthly payments.

16. Thereafter, after entering an initial agreement in February 28, 2014 (the "First Services Agreement") a second superseding agreement was entered into with IZAR CAPITAL on July 29, 2014 (the "Second Services Agreement") which is annexed to the Complaint, herein, to provide the Services discussed in the above paragraph.

17. Pursuant to the Second Services Agreement, Defendant was to make payments for advisory services relating to various of the Corporate Defendants, as appropriate, relating to a myriad of corporate strategic decisions and global projects, including Israel, Africa, Mexico, Italy, Spain and Arizona.

18. That despite AORA making some form of payments until or about April 2015, many payments have been partial or none for the Services rendered.

19. That in early November 2015, IZAR CAPITAL informed Defendant that, due to non-payment of amounts owed, Plaintiff was would be unwilling to continue to perform the Services. On November 2, 2015, Defendant recognized this in a letter addressed to Izar principals. Pursuant to receipt of this letter, IZAR CAPITAL principals, at the request of Rosenzweig, repeatedly discussed the situation with Rosenzweig, who assured Plaintiff repeatedly that Defendants would remedy the situation.

20. At this point, Plaintiff agreed to continue performing the Services as a sign of goodwill and respect for the Defendants and their perception in the marketplace.

21. Soon thereafter, on or about January 2016, Defendant informed Plaintiff that, due to the adverse financial situation of AORA SOLAR, Defendant would no longer be able to pay for Plaintiff's Services. Defendant asked Plaintiff to continue working, but never offered practical or reasonable business proposals to Plaintiff for such request.

22. A new agreement was never reached.

23. During the next few months, to preserve the credibility of AORA and finalize the engagement in a professional manner, Plaintiff worked to wind down the discussions in which Plaintiff had engaged on behalf of Defendants over the prior many months and years with potential partners, investors and other third-parties of potential interest for Defendants.

24. That no dissatisfaction, nor other complaints have been made for its Services. Rather, Defendant complimented the work done by Plaintiff.

25. That on October 26, 2017 and again on January 12, 2017 attempts had been made to collect on outstanding payments in the amount of $245,000.00.

26. That both Mr. Rosenzweig and Mr. Reiss, made repeated promises that Defendants would satisfy their obligations under the Second Services Agreement, including making full and timely payments for amounts owed and that the representations made about Defendants' businesses and project prospects were legitimate, credit-worthy and financeable projects.

27. That the principals of IZAR CAPITAL worked extensively and tirelessly, travelling globally on behalf of Defendants to gather information, assess personnel, assets and prospective projects, engage in extensive dialogue with various Defendant companies and associated advisors, employees and associated individuals, created and communicated and advised repeatedly on remedial actions necessary to best position Defendant companies and associated projects for corporate success. IZAR CAPITAL principals travelled on behalf of Defendants on at least 18 occasions dated dates 1/14/14, 2/13/14, 3/10/14, 4/6/14, 5/5/14, 6/4/14, 6/16/14, 7/21/14, 8/13/14, 8/14/14, 9/12/14, 9/30/14, 10/13/14, 2/3/15; 5/23/15, 6/4/15, 6/15/15, and 7/29/15.

28. That principals of IZAR CAPITAL even including travelling to Israel during the 2014 Israel-Gaza conflict, known as Operation Protective Edge in Israel (and being the last flight which included the firing of 4,564 rockets into Israel and the temporary closing of Israel's Ben Gurion airport in Tel Aviv due to incendiary rockets landing nearby, and working with Defendants at the Rehovot, Israel location during multiple daily and nightly rocket attacks and the associated need to seek rapid shelter upon frequent air defense siren notifications.

29. IZAR CAPITAL principals also had other extensive communications with Defendants and their associated employees and advisors on multiple other occasions during the time of their provision of services, both in person, on the phone and via email.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS AGAINST THE DEFENDANTS HEREIN BREACH OF CONTRACT

30. That Plaintiff repeats, reiterates, and re-alleges each allegation contained in paragraphs 1 to 29, with the same force and effect as if more fully and length set forth herein.
31. That on or about March 2014, Defendants breached its contract with Plaintiff, for failing to compensate Plaintiff for Services provided and detailed in the Second Services Agreement.
32. That as a result of this breach of contract, the Plaintiff, IZAR CAPITAL, has sustained damages in the sum of $245,000.00 (excluding legal fees).

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS AGAINST THE DEFENDANTS HEREIN FRAUD IN THE INDUCEMENT

33. That Plaintiff repeats, reiterates, and re-alleges each allegation contained in paragraphs 1 to 29, with the same force and effect as if more fully and length set forth herein.
34. That prior to and at or around the time of the signing of the Second Services Agreement herein, Defendants, through its principals and agents, expressed to Plaintiff repeated promises compensate Plaintiff, and business opportunities with Defendants, when Defendants knew or should have known at the time that they were incapable of providing such payment or opportunities and fraudulently induced Plaintiff into continuing to perform the Services.
35. That as a result of this fraudulent inducement into the signing the contract and promises to pay thereafter, the Plaintiff has been damaged in the amount of $245,000.00.
36. WHEREFORE Plaintiff, IZAR CAPITAL, demands judgment on the first and second causes of action in the amount of $245,000.00 together with costs, disbursements,

such payment or opportunities and fraudulently induced Plaintiff into continuing to perform the Services.

35. That as a result of this fraudulent inducement into the signing the contract and promises to pay thereafter, the Plaintiff has been damaged in the amount of $245,000.00.

36. WHEREFORE Plaintiff, IZAR CAPITAL, demands judgment on the first and second causes of action in the amount of $245,000.00 together with costs, disbursements, attorney's fees per the contract, and for such other relief that the Court shall deem just and proper.

DATED: WASHINGTON, DC
July 10, 2017

CHRISTOPHER A. ZAMPOGNA
ZAMPOGNA, P.C.
Bar No.: 449851
Attorney for the Plaintiff
1776 K St, NW 700
WASHINGTON, DC  20006
202-223-6635
caz@zampognalaw.com

VERIFICATION

District of Columbia ss.:

Junius Fielding Scarborough, III, being duly sworn deposes and says that I am a director of IZAR CAPITAL in this proceeding, I have read the foregoing Written Complaint, and know its contents to be true from my own knowledge, except to those stated upon information and belief, and as to those matters, I believe them to be true.

Junius Fielding Scarborough, III

Sworn to before me this 12th day of July 2017